IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

NORTHWEST FARM CREDIT SERVICES,
FLCA,

            Plaintiff,

   v.

GARY HIRSCH,

            Defendant.

No. 1:11-03156-PA

**ORDER**

**PANNER, J.**

Plaintiff Northwest Farm Credit Services brings this action against pro se defendant Gary Hirsch for ejectment, quiet title, and an injunction against defendant's alleged trespass.

Plaintiff moves for summary judgment. I grant the motion.

**BACKGROUND**

The property in dispute is a 74-acre lot at 2275 Galice Road, in Merlin, Oregon. Plaintiff became the property's owner through a non-judicial foreclosure in 2011. Defendant was not involved in the foreclosure in any way. No documents in the

1 - ORDER

chain of title show defendant has any interest in the property. See Brickley Decl. (describing chain of title in Josephine County records). Despite lacking any valid proof of ownership, defendant has been occupying the property and claiming to be its rightful owner.

Defendant contends that he owns the property through inheritance. From 1969 until 1993, the property was owned by members of defendant's family, but not by defendant himself. Defendant's parents, Eugene and Dorothy Hirsch, purchased the property as part of a larger lot. After Dorothy Hirsch died, in 1985 Eugene Hirsch conveyed the property to himself and to his son Steven Hirsch, defendant's brother, "not as tenants in common but with right of survivorship." Defendant was not named in the 1985 conveyance.

In 1988, defendant's brother, Steven Hirsch, brought a legal action against defendant's father, Eugene Hirsch, in Josephine County Circuit Court, seeking to have the property partitioned and sold. In 1990, the court ruled that the 1985 conveyance created a valid joint tenancy between Steven Hirsch and Eugene Hirsch.

In 1991, while the partition action over the property was pending, Eugene Hirsch died. Defendant was a party to the probate of Eugene Hirsch's estate. During probate proceedings, defendant submitted a 1988 last will and testament of Eugene

2 - ORDER

Hirsch, which stated that defendant would inherit the property. Defendant relies on the 1988 will as establishing his interest in the property. Unfortunately for defendant, however, the probate court determined that the 1988 will had no effect on the disposition of the property. Instead, the court treated 1985 conveyance as valid.

In 1993, the state court approved the sale of the property to a third party. Separate deeds from Steven Hirsch and from the personal representative for Eugene Hirsch were recorded to confirm the transfer of the property from the Hirsch family for $275,000. The property was transferred several times after 1993.

In 2002, Rodney and Alison Lowe acquired the property. In 2005, plaintiff made a loan to the Lowes secured by a deed of trust on the property.

In July 2011, plaintiff acquired the property through a non-judicial trust deed foreclosure. After the Lowes surrendered ownership of the property, but before plaintiff could take possession, defendant took control of the property by going onto the property, changing the locks, and posting no trespassing signs. In September 2011, defendant published a notice in a Grants Pass newspaper, claiming to be the lawful owner of the property.

Rick Altizer, an employee of plaintiff, states that defendant's actions have prevented plaintiff from selling or

3 - ORDER

maintaining the property. The Josephine County Sheriff's Office has refused to remove defendant from the property without a court order. When Officer Don Fasching entered the property, plaintiff ordered him to stay off the property and to leave plaintiff alone. Altizer Suppl. Decl. ¶¶ 2-3.

Altizer states that so long as defendant is occupying the property, plaintiff cannot show the property to prospective buyers. Defendant has prevented plaintiff from entering the property to clear overgrown brush or to winterize the residence.

## STANDARDS

The court must grant summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the moving party shows that there are no genuine issues of material fact, then the nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The court determines "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).

## DISCUSSION

The record establishes as a matter of law that plaintiff owns the property. There is no evidence that defendant has any

4 - ORDER

valid interest in the property.

The doctrine of claim preclusion bars defendant from litigating the ownership of the property again in this court, nearly twenty years after the state court's final determination on the same issue. This court must "give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). Under Oregon law, claim preclusion "generally prohibits a party from relitigating the same claim." Bloomfield v. Weakland, 339 Or. 504, 510, 123 P.3d 275, 279 (2005).

Here, the legal effects of the 1985 conveyance and the 1988 will of Eugene Hirsch have been conclusively determined by state courts. The court has no alternative but to rule against defendant.

Plaintiff has shown that defendant is unlawfully occupying plaintiff's property. Defendant is preventing plaintiff from selling or maintaining the property. I conclude that plaintiff is entitled to an order ejecting defendant from the property and restoring plaintiff to possession of the property, and a permanent injunction against defendant.

## CONCLUSION

Plaintiff's motion for summary judgment (#9) is granted.

5 - ORDER

Plaintiff shall submit a proposed judgment in accordance with this order.

IT IS SO ORDERED.

DATED this **28** day of June, 2012.

*Owen M. Panner*

OWEN M. PANNER
U.S. DISTRICT JUDGE

6 - ORDER